UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| RENEE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 3:17-CV-00013-CDL |
| | ) |
| SGT. ZACH BARRETT, | ) |
| in his individual capacity, | ) |
| CPL. THOMPSON, | ) |
| in his individual capacity, | ) |
| DEPUTY JACOB PALMER, | ) |
| in his individual capacity, | ) |
| DEPUTY MATT HILL, | ) |
| in his individual capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MOTION TO COMPEL DEPOSITION TESTIMONY
OF RODNEY JONES AND FOR SANCTIONS
INCLUDING CONTEMPT AND
<u>POINTS AND AUTHORITY IN SUPPORT</u>**

COMES NOW the Plaintiff, Renee Jones, and Moves the Court for an Order by which non-party Rodney Jones shall be directed to appear for a deposition to provide testimony in this litigation and shall be subject to sanctions, including

Contempt of Court, for his willful failure to appear at a properly noticed deposition for which he was property served, showing to the Court the following:

1. On February 16, 2015, Rodney Jones planted illegal drugs in a motor vehicle being operated by Plaintiff Renee Jones; he planted them at the direction of Defendant Zack Barnett, a member of the Narcotics Unit of the Walton County Sheriff's Department.

2. Rodney Jones was paid $250.00 for this "service."

3. Plaintiff's Complaint, D.E. 1, alleges, among other things, that Jones and the Defendants were co-conspirators:

> *81. There was an agreement between each Defendant, along with an agreement of Mr. Rodney Jones, to participate in a scheme designed to plant drugs on Plaintiff and to conceal any evidence of the scheme to plant drugs.*
> *82. Each Defendant understood that Mr. Jones' task was to plant drugs and that a traffic stop based on false pretenses would serve as the basis to find those drugs.*

4. Plaintiff issued a Notice of Deposition calling for the taking of Rodney Jones' deposition on July 11, 2017, at the Walton County Government Building, in Monroe, Georgia. A copy of same is attached hereto. The deposition was Noticed to be videotaped.

5. On June 24, 2017, Rodney Jones was served with a subpoena directing that he appear to testify for his deposition. A copy of the Subpoena and the Proof

of Service upon Rodney Jones is attached hereto.

      6. On July 11, 2017, Plaintiff's counsel appeared at the time and location described in the Notice of Deposition and in the Subpoena served upon Mr. Rodney Jones.  Also in attendance were Defense counsel, Mr. Terry Williams, a certified court reporter, and a videographer.

      7.  Mr. Jones did not appear for the deposition.  The deposition was Noticed to begin at 1:00 p.m.  At approximately 1:45 p.m. Plaintiff's counsel went on the record with the court reporter to note Mr. Jones' non-appearance and the suspension, but not cancellation, of the deposition.

      8.  At no time did Mr. Rodney Jones contact the office of Plaintiff's counsel concerning his deposition - neither before nor after the time and date set for the deposition.   No objection to the call of he subpoena was filed or received by Plaintiff's counsel.

      9. Rule 45 of the Federal Rules of Civil Procedure provides, in pertinent part, at sub-paragraph (g), that "[t]he court for the district where compliance is required ... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

      10. Rodney Jones has failed to obey a valid subpoena - and has no excuse for his failure.  The failure to obey a valid subpoena is contempt of court.

*Blackmer v. U.S.* 284 U.S. 421 (1932); *Wallace v. Kmart Corp.*, 687 F.3d 86, 88 (3d Cir. 2012).

    11. To prevail on a request for a finding of contempt, a party must demonstrate that: 1) a subpoena set forth an unambiguous command; 2) the alleged contemnor violated that command; 3) the violation was significant, i.e., the contemnor did not substantially comply with the subpoena; and 4) the contemnor failed to make a reasonable and diligent effort to comply. *Sprint Solutions, Inc., v. iCell Guru, Inc.*, 310 F.R. D. 563, 569 (N.D. Ill. 2015). The facts presented by this motion meet each of the requisite conditions predicate to a finding of contempt.

    12. Notice and an opportunity to respond must be afforded to Rodney Jones before the Court adjudicates whether to hold him in Contempt and/or to impose other requested sanctions. *United States SEC v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010). However, the Court is not required to order compliance before issuing a contempt sanction so long as the contemnor has been accorded the procedural and substantive rights to which a nonparty witness is guaranteed. *United States SEC v. Hyatt*, at 693.

    13. Concurrent with the filing of this Motion, Plaintiff shall undertake to afford Rodney Jones notice of the pendency of this Motion and will promptly

notify the Court of actions taken in that regard.

14. Plaintiff needs the deposition of Mr. Rodney Jones in order to properly prepare for the litigation of her claims. Mr. Jones met with the Defendants who planned and executed her arrest. Plaintiff has expended considerable attorney time in the arrangements for Rodney Jones' deposition and has expended considerable out of pocket expense for the appearance of the court reporter and the videographer. Plaintiff estimates that the time spent for the arrangements for the Jones deposition, along with the time expended in preparing for and in traveling to and from said deposition, was 10 attorney hours. Plaintiff shows that the most recent hourly rate awarded to Plaintiff's counsel in the Northern District of Georgia was $495/hr. and therefore prays for an award of $4,950.00 in fees. Plaintiff will supplement this motion with a statement of the expenses billed to Plaintiff's counsel for the appearance of the Court Reporter and the videographer at Rodney Jones' aborted deposition.

WHEREFORE, Plaintiff prays for the following relief:

a. That Rodney Jones be Ordered to appear for and provide testimony at his deposition, at a place and time set by Plaintiff's counsel within the Middle District of Georgia, not later than thirty days following the entry of this Court's Order;

b. That Rodney Jones be Ordered to pay the reasonable attorney fees and case expenses associated with and made necessary by his misconduct;

c. That Rodney Jones be adjudged in Contempt of this Court as a result of his failure to have any excuse of any kind for failing to appear for his deposition; and

d. That the Court Order such other and further relief as to it be deemed proper.

Respectfully submitted this 12th day of July, 2017.

        S/ G. BRIAN SPEARS
        Bar No. 670112
        Attorney for Plaintiff

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele:  (404) 872-7086

        S/JEFFREY R. FILIPOVITS
        Bar No. 825553
        Attorney for Plaintiff

FILIPOVITS LAW, PC
2900 Chamblee-Tucker Road
Building 1
Atlanta, Georgia 30341
Phone: 770-455-1350

## CERTIFICATE OF SERVICE

      I hereby certify that on July 12, 2017, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Terry Williams
Williams, Morris & Waymire
4330 South Lee St.
Suite 400-A
Buford, Georgia 30518

and my U.S. Mail, postage prepaid to:

Rodney Jones
439 Gene Bell Road
Monroe, Georgia 30655

                                      S/BRIAN SPEARS, ECF-Registered Attorney
                                      Georgia Bar No. 670112
                                      Attorney for Plaintiff
                                      1126 Ponce de Leon Avenue
                                      Atlanta, GA 30306
                                      Telephone: (404) 872-7086
                                      Email: Bspears@mindspring.com