```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

| | |
|---|---|
| RENEE JONES,<br><br>     Plaintiff<br><br>VS.<br><br>SGT. ZACH BARRETT, in his Individual Capacity, and DEPUTY JACOB PALMER, in his Individual Capacity,<br><br>     Defendants. | Case No. 3:17-CV-00013 (CDL) |

**ORDER SETTING PRETRIAL CONFERENCE**

1.

A Rule 16 pretrial conference will be held at the United States District Court Courthouse, in ATHENS, Georgia, at 10:00 AM on Thursday, April 05, 2018.  The court requires that counsel for each party (or each party unrepresented by counsel) attends the pretrial conference.

2.

This case has been set down for trial in ATHENS during the court's next regularly scheduled trial term which will begin on Monday, May 07, 2018.

3.

Lawyers (and parties not represented by counsel) who do not attend the pretrial conference will be bound by decisions made at the conference.

1

4.

No later than March 22, 2018, copies of proposed trial exhibits of each party (including impeachment exhibits known to exist at the time) shall be delivered to all other parties.  All personal identifying information (such as social security numbers, date of birth, telephone numbers, addresses, and account numbers) should be redacted from all exhibits, unless that information is relevant to any issue in the case. The parties, by agreement, may exchange exhibit lists, instead of the actual exhibits, if the number of exhibits is so voluminous that exchanging them would be unduly burdensome.  Electronic evidence files should be provided to the courtroom deputy no later than the morning of jury selection.  Please refer to the Court's website, specifically the page regarding available courtroom technology, and be sure to comply with the instructions therein regarding proper formatting when submitting electronic evidence to be uploaded into JERS (http://www.gamd.uscourts.gov/technology).  **PLEASE NOTE:**  The parties are hereby on notice that both paper copies and electronic versions of all admitted exhibits will go out with the jury during deliberations.  Additionally, the Court will take custody of each paper exhibit *AS IT IS ADMITTED INTO EVIDENCE*.

5.

Any and all motions in limine shall be filed electronically with the court no later than March 29, 2018.  Participants at the pretrial conference should be prepared to discuss the merits of the motions at

the pretrial conference.  No motions in limine may be filed after the pretrial conference absent a showing that the motions could not reasonably have been made at the pretrial conference.

6.

No later than March 29, 2018, all parties shall <u>electronically file</u> with the court a pleading containing a list of proposed voir dire questions for prospective jurors.

7.

No later than March 29, 2018, the parties shall <u>electronically file</u> with the court a pleading containing proposed jury instructions.  Each proposed request must be on a separate page, double spaced, and numbered for identification.

8.

No later than March 22, 2018, any party intending to introduce deposition testimony at trial shall e-file with the clerk, and serve upon opposing counsel, a notice including the name of the deponent and the date the deposition was taken.  If a party intends to introduce portions of a deposition, then the party's notice shall also include the page and line numbers of the deposition testimony.  If a party intends to introduce at trial an edited videotape deposition, this information shall be indicated on the notice and the party shall submit a copy of the videotaped deposition to opposing counsel no later than 14 days prior to the pretrial conference.

Prior to the date of the pretrial conference, any objections to

deposition testimony shall be e-filed with the Clerk as a notice.  Any objections not filed by that date shall be waived.

Exhibit "B" to the joint proposed pretrial order shall include the same deposition designations and any counter-designations as are e-filed with the Clerk.

9.

Any depositions that any party intends to use at trial for any purpose shall be filed electronically prior to the start of trial.  If a party intends to use a hard copy of a deposition at trial, that party shall make arrangements to have a copy available for use during the trial.  The clerk will not provide hard copies of electronically filed depositions.

10.

No later than March 29, 2018, the parties shall submit a single JOINT proposed pretrial order, in substantially the same form as and covering all matters referred to in the attached form of order (Exhibit "A").  This proposed order must be electronically transmitted to the Court via e-mail in Microsoft Word or WordPerfect format (not scanned) at **Columbus.ecf@gamd.uscourts.gov** for Columbus Division cases and to **Athens.ecf@gamd.uscourts.gov** for Athens Division cases.  **DO NOT ELECTRONICALLY FILE THIS PROPOSED PRETRIAL ORDER - IT MUST BE E-MAILED TO ONE OF THE ADDRESSES ABOVE.**  **ONLY ONE JOINT PROPOSED PRETRIAL ORDER SHALL BE SENT TO THE COURT.  IF DISAGREEMENTS EXIST REGARDING THE PROPOSED ORDER, THE PARTIES SHALL STATE THOSE DIFFERENCES, AND SPECIFY**

**THEIR RESPECTIVE POSITIONS, IN THE SINGLE JOINT PROPOSED PRETRIAL ORDER E-MAILED TO THE COURT.  THE COURT EXPECTS THE JOINT PROPOSED PRETRIAL ORDER TO BE COMPLETE, AND THEREFORE, NO PROPOSED AMENDMENTS SHOULD BE SENT TO THE COURT AFTER THE JOINT PROPOSED PRETRIAL ORDER IS SENT TO THE COURT.  IF ANY AMENDMENTS ARE DEEMED NECESSARY BY THE PARTIES, THE PARTIES SHOULD SUBMIT A HARD COPY OF THE JOINT PROPOSED AMENDED PRETRIAL ORDER <u>AT THE PRETRIAL CONFERENCE</u>.  ANY PROPOSED AMENDMENTS WILL BE CAREFULLY SCRUTINIZED BY THE COURT.**

At the pretrial conference <u>each party shall</u>:

(a)  Make any objections as to the authenticity of the exhibits of the other parties.  The parties should also make any objections to any exhibits that the parties contend were not properly disclosed during discovery.  Any authenticity or disclosure objections not made at pretrial shall be deemed waived.  Unless specifically addressed at the pretrial conference, the Court will reserve ruling on any other objections to the exhibits.

(b)  Make any objections to witnesses listed in the proposed pretrial order.  Any objections not made at the pretrial conference shall be deemed waived.  Witnesses not identified in the proposed pretrial order shall not be allowed at trial unless otherwise ordered by the Court or unless the witness could not have reasonably been identified prior to the pretrial conference.

(c)  Make any objections to depositions listed in the proposed pretrial order which a party has indicated it intends to

introduce in lieu of live testimony. These objections shall be in writing and should be e-filed with the Clerk prior to the date of the pretrial conference. Any objections not made at the pretrial conference shall be deemed waived. Any deposition not identified in the proposed pretrial order, and not filed with the clerk prior to trial, shall not be used at trial in lieu of live testimony absent a demonstration that the deposition could not reasonably have been identified at the pretrial conference. The Court does not require that the parties list depositions that it intends to use only for impeachment purposes during the cross-examination of a witness. However, the original of any deposition to be used for any purpose at trial must be filed with the clerk prior to trial.

(d) Present to the court all pending motions or other matters which require a ruling or other action by the Court. Any pending motions not so identified shall be deemed abandoned by the movant.

**SO ORDERED,** this 7th day of March, 2018.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA